UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONNA CARUSO,

        Plaintiff,                             **ORDER**
                                                                 CV 12-2341 (JFB)(ARL)
       -against-

TARGET CORPORATION,

        Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This case arises from a "slip and fall" accident which occurred on July 20, 2010 upon the business premises of the defendant Target Corporation ("defendant") located in Levittown, New York. Plaintiff Donna Caruso ("plaintiff") seeks money damages for personal injuries allegedly suffered in the accident. Before the court is plaintiff's motion to compel defendant to produce all surveillance materials and/or photographs of the plaintiff's fall and the accident location prior to plaintiff's deposition. Defendant opposes the motion, requesting that defendant be allowed to withhold production of the surveillance video and photographs until after plaintiff's deposition based on its concern that plaintiff may tailor her testimony based on what the video and photographs reveal. The plaintiff has also submitted a reply to the letter application, which will not be considered by the court. *See* Local Civil Rule 37.3(c).

      In the federal courts, the rules of discovery "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958); *see Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*. 756 F.2d 230, 236 (2d Cir. 1985).

      This court agrees with the widely held view that in balancing the competing interests of the parties with respect to disclosure of surveillance films it is appropriate to delay discovery until after the plaintiff testifies at a deposition. Hence "in order to protect the value of surveillance films to be used for impeachment of the plaintiff if he exaggerates his disabilities, while still serving the policy of broad discovery, it may be appropriate to require disclosure of such impeachment materials only after the depositions of the plaintiff . . . so that the[] testimony may be frozen." *Daniels v. National R.R. Passenger Corp.,* 110 F.R.D. 160, 162 (S.D.N.Y. 1986); *see Marchello,* 219 F.R.D. at 219 ("Generally, courts have allowed discovery of surveillance film, conditioning such disclosure by requiring that the defendant need only disclose surveillance films after the plaintiff has been deposed so that Defendant may impeach Plaintiff if he exaggerates his injuries"); *Weinhold*, 1994 WL 132392, at *1 ("In order to protect the value of surveillance tapes as a tool for impeachment of plaintiff's possible exaggeration of his disabilities, courts have found it appropriate to require disclosure . . . only after plaintiff's deposition has been taken. In this way, the recording of plaintiff's sworn testimony will preclude

any temptation on his part to alter his testimony based on what is seen on the surveillance tapes, yet the policy of broad discovery is nonetheless maintained"); *cf. Poppo v. Aon Risk Servs., Inc.*, No. 00 Civ. 4165 (HB), 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000) ("Since biblical times the prospect of tailoring testimony and its ramifications has been understood and condemned. This is presently seen most clearly in the sequestration of witnesses. Skipping some 2000 years, Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions"). That procedure is appropriate in the case at hand. Accordingly, plaintiff's motion to compel disclosure of the surveillance videotapes or photographs prior to plaintiff's deposition is denied.

Dated:  Central Islip, New York       **SO ORDERED:**
       May 22, 2013


                                                  _____/s_____
                                                  ARLENE R. LINDSAY
                                                  United States Magistrate Judge